UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRUCE F. GATTEN,

      Plaintiff,

v.

HENNEPIN COUNTY MEDICAL CENTER,
HENNEPIN FACULTY ASSOCIATES,
EMERGENCY PHYSICIANS
PROFESSIONAL ASSOCIATION,
Dr. JAMES J. KRATZ, M.D.,
Dr. DEBORAH BEUTOW, M.D., and
MEDICINE CLINIC,

      Defendants.

Civil File No. 05-1669 (DWF/FLN)

**REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it will be recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction.[1]

**I. BACKGROUND**

Plaintiff apparently received some type of medical care from Defendants between August 10, 2002, and August 10, 2003. As far as the Court can tell, Plaintiff believes that

---

[1] Plaintiff did not pay the $250 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Plaintiff was a state prison inmate when he commenced this action, the Court ordered him to pay an initial partial filing fee in the amount of $4.00, as required by 28 U.S.C. § 1915(b)(1). (See Order dated August 18, 2005, [Docket No. 3].) Plaintiff did not tender his initial partial filing fee as ordered, but instead filed a motion seeking to be excused from the initial partial filing fee requirement, because he is no longer incarcerated. (Docket No. 4.) Given the Court's present determination that this action must be dismissed for lack of subject matter jurisdiction, Plaintiff's eligibility for IFP status, and his filing fee obligations (if any), have become moot issues.

Defendants did not care for him properly, and caused him personal injury.

Plaintiff is seeking to hold Defendants liable for "medical malpractice, assault, battery, negligence, liability and tort, and any and all other laws and statutes by any names related and/or applicable to those six laws and statutes." In the "Relief Sought" section of the complaint, Plaintiff indicates that he wants "declaratory judgemental [sic], injunctive, costs, lawyer/attorney fees, available to the plaintiff by this court, and any and all others legally obtainable by the plaintiff herein."

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, Plaintiff has not identified any grounds that would provide subject matter jurisdiction in federal court. Plaintiff's complaint clearly indicates that he is <u>not</u> seeking relief based on any federal law, but rather, his claims are based entirely on state common law causes of action – i.e., "medical malpractice, assault, battery, negligence, liability and tort." Because Plaintiff has not pleaded any claim for relief based on federal law, the Court concludes that federal subject matter jurisdiction is missing in this action.[2] The action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). It will be recommended that the action be dismissed without prejudice, however, so that Plaintiff can still pursue his

---

[3] Federal jurisdiction cannot be invoked based on diversity of citizenship, (<u>see</u> 28 U.S.C. § 1332), because it appears that Plaintiff and at least some of the Defendants, (e.g., Hennepin County Medical Center), are residents of the same State, namely Minnesota.

claims in state court.[3]

## III. RECOMMENDATION

Based upon the above, and upon all of the files and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion To Be Excused From Paying The Court Filing Fee Altogether," (Docket No. 4), be **DENIED AS MOOT**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3).


Dated: September 15, 2005

s/ Franklin L. Noel

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 5, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[3] The Court does not mean to suggest that Plaintiff has actually pleaded any viable state law claims. In fact, it appears highly unlikely that Plaintiff's current complaint could survive a motion to dismiss, as he has not adequately described what each of the various Defendants allegedly did (or failed to do) that has caused them to be sued.